**Walter JORDEN, Appellant,**

v.

**Harold FARRIER, Paul Loeffelholz and Cripus Nix, Appellees.**

**No. 85–1764.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1986.

Decided April 17, 1986.

Michael D. Green and Peter A. Peak, Iowa City, Iowa, for appellant.

Mark Hunacek, Asst. Atty. Gen., Des Moines, Iowa, for appellees.

Before HEANEY and BOWMAN, Circuit Judges, and HANSON *, Senior District Judge.

HANSON, Senior District Judge.

Jorden brings this 42 U.S.C. § 1983 action against Iowa correctional officials for failing to provide him with medication to treat his severe muscle contraction head-

---

* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

aches. The district court, treating defendant's motion to dismiss as a motion for summary judgment, granted the motion and ordered judgment entered for defendants. We reverse.

Jorden was shot in the head in 1976. The bullet has not been removed. Since that time he has received treatment from a number of doctors for severe muscle contraction headaches. In June of 1981, while Jorden was incarcerated at the Iowa State Penitentiary (ISP), he was referred by prison authorities to Dr. E. Shivapour of the Department of Neurology, at the University of Iowa Hospitals and Clinics. After examining Jorden, Dr. Shivapour prescribed fiorinal for his muscle contraction headaches and phenobarbitol for his seizure disorders. Fiorinal is a non-addictive drug made up of caffeine, butalbital, and aspirin. Jorden received fiorinal for his muscle contraction headaches at ISP until his discharge on August 16, 1982.

On November 14, 1983, Jorden was reincarcerated at the Iowa State Reformatory at Anamosa. On December 29, 1983, he was transferred to ISP. Jorden was unable to obtain fiorinal at ISP because it had been removed from the prison formulary.

On March 14, 1984, Jorden was again referred to the Iowa University Hospitals by ISP officials for medical treatment. After examining Jorden, Dr. Jon Tippin, of the Department of Neurology at the University of Iowa Hospitals, prescribed fiorinal in order to relieve Jorden's severe muscle contraction headaches. In spite of Dr. Tippen's judgment that fiorinal be given to Jorden, prison officials have refused to provide Jorden with the drug.

In granting summary judgment for the defendants, the district court relied heavily on the affidavit submitted by Dr. Paul Loeffelholz, the medical consultant for the Iowa Department of Corrections. Dr. Loeffelholz' affidavit asserts that the phenobarbitol that Jorden is being given for his convulsive disorder is adequate to treat his muscle contraction headaches. Without resolving the issue as to whether the denial of fiorinal to Jorden was an administrative or medical decision, the court below held that a disagreement between the physicians does not amount to a deliberate indifference to a serious medical need so as to constitute a violation of the eighth amendment.

██ In order to state a claim under 42 U.S.C. § 1983 for a denial of medical care, Jorden must establish that defendants' conduct amounted to "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). In order to find an eighth amendment violation, the deliberate indifference to a serious medical need must rise to the level of an unnecessary and wanton infliction of pain. *Robinson v. Moreland*, 655 F.2d 887, 889 (8th Cir.1981). Among the "unnecessary and wanton" inflictions of pain are those that are "totally without penological justification." *Gregg v. Georgia*, 428 U.S. 153, 183, 96 S.Ct. 2909, 2929, 49 L.Ed.2d 859 (1976) (joint opinion); *Estelle*, 429 U.S. at 103, 97 S.Ct. at 290–91.

In granting the summary judgment, the district court assumed that this was a dispute between treating physicians. Rather, the real issue appears to have been whether this was a dispute between physicians chosen by the prison (Dr. Tippin and Shivapour) and an administrator (Dr. Loeffelholz), thus creating a fact issue whether the denial to Jorden of fiorinal amounted to the kind of arbitrary decision constituting cruel and unusual punishment, and a matter for decision on the merits.

In a case quite similar to the one at issue, *Sawyer v. Sigler*, 320 F.Supp. 690, *aff'd as to instant claimant*, 445 F.2d 818, 819 (8th Cir.1971), the court held that the implementation of a prison policy requiring all medication to be taken in crushed or liquid form—a policy instituted because of the tendency of some inmates to hoard narcotics—subjected a prisoner with emphysema to cruel and unusual punishment, in view of the fact that the prison doctor had directed that the inmate's medication should not be so taken. *Id.* at 694. *See also Massey v. Hutto*, 545 F.2d 45, 46–47 (8th Cir.1976); *Freeman v. Lockhart*, 503 F.2d 1016, 1017–18 (8th Cir.1974). The *Sawyer* court stated:

As the courts should be guided by physicians as to their judgment that adequate medical treatment is being rendered, so the courts should be guided by those same physicians that inadequate medical treatment is being rendered. It is fully understood that prison officials must be permitted to enforce reasonable regulations for the orderly operation of a prison and for the safety and health of all prisoners, including those directives reasonably designed to prevent abusive use of drugs. But no effort has been made in this case to show that Sawyer has or ever had any tendency to hoard narcotics or that a policy against hoarding cannot reasonably be carried out on a selective basis. In the absence of that kind of showing, I conclude that requiring Sawyer to take his medication in a form which results in nausea is sufficiently unusual, exceptional and arbitrary to constitute both cruel and inhuman punishment and a denial of adequate medical treatment, as required by the Eighth and Fourteenth Amendments.

320 F.Supp. at 684.

So, too, absent any showing that the removal of fiorinal from the ISP formulary was based on any concern for the safety and health of the prison population, the decision of Dr. Loeffelholz may be an arbitrary decision amounting to cruel and unusual punishment.

The Department of Corrections apparently made a decision to remove all "combination" drugs, such as fiorinal, from the prison formulary, stating that the ingredients of such drugs can be provided by "simpler" means. (Loeffelholz Affidavit, at 2.) Jorden's treating physicians, Dr. Shivapour and Dr. Tippin, assert that the simpler means chosen—that of prescribing phenobarbitol—are not effective to treat Jorden. In addition, there is no indication in the record that Dr. Loeffelholz ever examined, treated or otherwise acted as the health care provider for Jorden. For these reasons, it is difficult to conceive of the denial of fiorinal to Jorden as being anything but an arbitrary decision to remove the drug from the formulary.

Whether the defendants committed a constitutional violation in refusing to provide Jorden with fiorinal can only be decided after more evidence is introduced. It is not for this Court to speculate as to the severity of Jorden's pain or as to whether fiorinal is the only effective drug to alleviate this pain. The Court acknowledges, however, that once the merits are approached the result could well be the same as that reached by the court below. In any event, this case is not yet ripe for summary judgment because there are material issues of fact which cannot be disposed of upon this record summarily. Especially, it seems that there is a fact issue whether there was a disagreement between treating physicians and an administrator. Accordingly, a motion for summary judgment cannot be sustained.

In light of the foregoing, the judgment of the district court is reversed and remanded for further disposition.