Winston HOLLOWAY, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.

No. 85–1961.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1986.

Decided June 11, 1986.

---

Martin Thomas, Little Rock, Ark., for appellant.

A. Carter Hardage, Little Rock, Ark., for appellee.

---

* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern

Before McMILLIAN and BOWMAN, Circuit Judges, and HANSON,* Senior District Judge.

BOWMAN, Circuit Judge.

Winston Holloway, an inmate at the Tucker Maximum Security Unit in Arkansas, filed this 42 U.S.C. § 1983 action alleging that the Arkansas Department of Corrections (ADC) deprived him of his AM/FM radio and of carbon paper that he used in drafting legal pleadings and documents. Holloway alleges in his complaint that he was deprived of his radio and carbon paper without due process of law because the ADC previously allowed him to possess both items but now classifies them as contraband for no reason. Holloway further alleges that his "forced separation" from his radio violated a settlement agreement reached in a previous case against the ADC. He requests declaratory and injunctive relief.

The ADC moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The District Court granted the motion, finding that the complaint merely stated a disagreement "with prison administrators concerning what constitutes contraband" and concluding that the deprivation did not amount to a constitutional violation. *Holloway v. Lockhart*, No. PB–C–84–423, slip op. at 3 (E.D.Ark. July 31, 1985). Because we believe that Holloway's complaint states a claim that if proved would entitle him to relief, we hold that dismissal was inappropriate at this stage of the litigation and therefore reverse and remand for further proceedings.

 In assessing a motion under Rule 12(b)(6), a court should accord a *pro se* complaint a liberal construction, *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), and should not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

and Southern Districts of Iowa, sitting by designation.

would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The court must presume that the factual allegations of the complaint are true and accord all reasonable inferences from those facts to the non-moving party. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court may not consider materials outside the complaint in deciding a motion under Rule 12(b)(6) unless the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 12(b); *Woods v. Dugan,* 660 F.2d 379, 381 (8th Cir.1981) ("Rule 12 further provides that 'all parties shall be given reasonable opportunity to present all material made pertinent to [a motion for summary judgment] by Rule 56.'" (citations omitted)).

In *Bell v. Wolfish,* the Supreme Court observed that "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison.... [T]hey may claim the protection of the Due Process Clause to prevent additional deprivation of life, liberty, or property without due process of law ...." 441 U.S. 520, 545, 99 S.Ct. 1861, 1877, 60 L.Ed.2d 447 (1979) (citations omitted). The Court further noted that the "due process rights of prisoners and pretrial detainees are not absolute; they are subject to reasonable limitation or retraction in light of the legitimate security concerns of the institution." *Id.* 441 U.S. at 554, 99 S.Ct. at 1882; *see Lyon v. Farrier,* 730 F.2d 525, 527 (8th Cir.1984).

We believe that under the standards set forth above, the District Court erred in granting the motion to dismiss. Holloway's complaint alleges that he was allowed to possess the radio and carbon paper at one time and that that right was retracted for no reason. *Bell* permits a prisoner's property rights to be retracted if "the legitimate security concerns of the institution" require such action. The District Court, however, properly could consider only the allegations of Holloway's complaint in assessing the motion to dismiss and the complaint alleges that the ADC's actions were taken for no reason.[1] There is nothing in the record to suggest that the District Court treated the motion as one for summary judgment, or that even if it did the safeguards of Rule 56 were applied. Thus, we are compelled to conclude that the complaint states a claim and should not have been dismissed since in the present procedural posture of this case the District Court was not in a position to weigh any security considerations that the ADC might offer to justify its actions.

The judgment of the District Court therefore is reversed and this case is remanded for further proceedings consistent with this opinion.

---

1. As we noted above, Holloway's complaint also alleges that the deprivation of his radio violated a settlement agreement in an earlier case brought against the ADC. Even if this is so, a matter not apparent from the record before us, the ADC may suggest in this case security considerations that may not have been apparent earlier that would explain the need to change this policy.