Ricky JONES, Plaintiff,

v.

Nurse EHLERT, Margaret Hau, Dr. Ricardo Alvarez, Department of Health and Social Services, Defendants.

No. 88–C–103.

United States District Court,
E.D. Wisconsin.

Jan. 31, 1989.

Ricky Jones, pro se.

Arleen E. Michor, Asst. Atty. Gen., Wisconsin Dept. of Justice, Milwaukee, Wis., for defendants.

### DECISION AND ORDER

CURRAN, District Judge.

Ricky Jones, a prisoner in state custody, has commenced the above-captioned action pursuant to 42 U.S.C. § 1983, claiming that the defendants, Nurse Jean Ehlert, Nurse Margaret Hau, Dr. Ricardo Alvarez[1] and the Wisconsin Department of Health and Social Services[2] violated his right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment to

1. The defendants argue that the claims against Dr. Alvarez should be dismissed because he was not properly served. However, when a plaintiff such as Jones is proceeding *in forma pauperis,* officers of the court are required to serve process. *See* 28 U.S.C. § 1915(c). Therefore, the failure to effect service cannot be attributed to the plaintiff.

2. The defendants argue that the claims against the Wisconsin Department of Health and Social Services should be dismissed because they are barred by the Eleventh Amendment to the United States Constitution. However, only claims for money damages are absolutely barred and in this case the plaintiff is also asking for injunctive relief.

the United States Constitution. In his amended complaint Jones sets forth the following statement of his claims:

Now comes the Plaintiff Ricky Jones Pro Se alledging [sic] that Nurse Ehlert, an employee of the department of health and social services, acting under color of state law, daprived [sic] him of his civil rights and in support offers the following set of facts:

1. Plaintiff was placed in a tempery [sic] lockup statues [sic] on 1–13–88 for alledgingingly [sic] missusing [sic] his perscription [sic] medication.

2. That plaintiff pleaded innocenent, [sic] asked for and received a due process hearing on 1–21–88.

3. The defendant arbitrarly [sic] denied the plaintiff his medication from 1–13–88 thru 1–21–88 even though he had not been found guilty of an offence [sic].

4. When petitioner asked nurse why he could not have his medication he was told by the nurse "we don't like to give inmates that kind of medication, it's habit forming".

5. the doctor that prescribed medisene [sic] to plaintiff is a doctor lienced [sic] to practise [sic] medicine in Wisconsin in there employ and would not off [sic] prescribed medicine to plaintiff if he didn't need it; and nurse elhert to capriciosly [sic] take away medicine and leave him cold turkey without any regard to his well being or phyical [sic] withdrawal from Valium would fall under cruel and unsual [sic] punishment.

6. The division of corrections and the health services unit are two seperate [sic] entities, Nurse Elherts orders to discontinue medicine from inmate were issued even though she should of known this would make the inmate susseptadle [sic] to seisures [sic] and extreme emotional destress [sic].

7. Plaintiff has been released from segregation and has not been continued on his medication or seen a doctor despite numorus [sic] request.

8. Margaret Hau, Nurse told Jones that Gean Ehlert had discontinued his medicin [sic] and when she learned that Jones had filed a civil rights complaint, she exceeded her athority [sic] and breached doctor-client relationship and had Jones punished.

9. Richard Franklin,[3] superintendant of institution denied Jones relief from conduct report after he had been told that it was arbitrarly [sic] in plaintiff appeal.

10. Dr. Alverez allegdelly [sic] issued the order that was the proximate cause of Jones's medications being discontinued.

Amended Complaint at ¶ IV. Jones is seeking an injunction ordering the defendants to "follow doctors' orders in the health care of the plaintiff"; money damages in the amount of one thousand dollars per day for the days during which he alleges he was denied medication; punitive damages of ten times that amount; a bench trial; and any other relief the court deems in the interest of justice. See Id. at ¶ V.

## I. FACTS

The defendants have pointed to pleadings, affidavits and discovery responses which establish the following facts:

1. The defendant at all times relevant to this matter was incarcerated at Kettle Moraine Correctional Institution (KMCI), Plymouth, Wisconsin (complaint, para. III, A and B; answer, para. 3).

2. The defendant, Jean Ehlert, at all times relevant to this matter was employed as the nursing supervisor of the Health Services Unit (HSU) at KMCI (complaint, para III C; answer, para. 3).

3. On January 11, 1988, plaintiff was seen in the HSU by Dr. Ricardo Alvarez; plaintiff complained to Alvarez of stress and anxiety as well as headaches (affidavit of Dr. Ricardo Alvarez, para 4).

---

3. Jones' motion to add Richard Franklin as a defendant was denied. See Order of October 6, 1988.

4. Plaintiff asked for medication for his stress (Alvarez affidavit, para. 5).

5. Dr. Alvarez prescribed Valium for plaintiff when plaintiff agreed to see Dr. George Arndt, a psychiatrist, the next day (Alvarez affidavit, para. 6).

6. On January 12, 1988, plaintiff was seen in the HSU by Dr. Arndt who renewed plaintiff's Valium for twenty-eight days with instructions to plaintiff to gradually reduce the dosage himself (affidavit of Dr. George Arndt, paras. 4, 5, 6).

7. Plaintiff took 5 mg. of Valium on January 11, 1988 and 5 mg. on January 12, 1988 (Alvarez affidavit, para. 8).

8. On January 13, 1988, at 5:10 p.m., plaintiff asked Sgt. To Nhan for his Valium (affidavit of To Nhan, para. 3).

9. Nhan handed plaintiff the Valium tablet and instructed plaintiff to take the Valium in Nhan's presence (Nhan affidavit, para. 4).

10. Nhan believed that plaintiff palmed the Valium instead of swallowing it (Nhan affidavit, para. 5).

11. Nhan ordered plaintiff into the office to be pat searched; in the course of the search Nhan found the Valium tablet hidden between two of plaintiff's fingers (Nhan affidavit, para. 6).

12. Nhan wrote conduct report 267205 accusing plaintiff of violating Wis.Admin.Code HSS 303.27 (lying), 303.-36 (misuse of state or federal property), 303.24 (disobeying orders) and 303.57 (misuse of prescription medication); the charges of misuse of state or federal property and disobeying orders were dropped prior to hearing; plaintiff appeared before an adjustment committee on the other charges on January 19, 1988 (Nhan affidavit, para. 7).

13. Plaintiff was placed in temporary lockup on January 13, 1988 (complaint, para. VI 1; answer, para. 4).

14. Dr. Alvarez' standing order for the HSU staff regarding medication abuse states: "Confirmed abuse of prescription medication by an inmate, i.e., palming, supplying to another inmate, etc., will result in that medication being discontinued. Further medical evaluation will be required if inmate requests." (Alvarez affidavit, para. 7; Exhibit 101).

15. Plaintiff's Valium was discontinued on January 13, 1988, as a result of the palming incident on that date (Alvarez affidavit, para. 9).

16. Plaintiff did not take the Valium long enough or in a large enough dosage to suffer any withdrawal symptoms following discontinuation of the Valium on January 13, 1988 (Alvarez affidavit, para. 10).

17. Neither Alvarez nor Arndt prescribed the Valium for plaintiff as treatment for a life threatening medical problem nor did discontinuation of the Valium cause life threatening health problems for plaintiff (Arndt affidavit, para. 7; Alvarez affidavit, para. 11).

18. Jean Ehlert had no personal involvement in the discontinuation of plaintiff's Valium on January 13, 1988 (affidavit of Jean Ehlert, para. 4).

19. At 6:45 on January 14, 1988, Margaret Hau, a nurse at KMCI, saw Jones in his cell in the security unit (affidavit of Margaret Hau, para. 3).

20. At that time Jones request[ed] his Valium from Hau but she informed him that per Dr. Alvarez' standing order, the Valium was discontinued (Hau affidavit, para. 4).

21. The medical records progress notes for plaintiff indicate that he was seen by HSU staff on January 14, 15, 16, 18, 19, 20 and 31, 1988; the notes do not indicate that he asked to see a doctor or that a doctor refused to treat him (certified medical records).

Proposed Findings of Fact at ¶¶ 1–21. The plaintiff has pointed to interrogatory answers which he believes support his position that his medical need was serious and not properly treated and that the Valium medication was withheld in retaliation for filing this lawsuit.

Rule 56(c) of the Federal Rules of Civil Procedure provides that "summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Thus, in order to defeat a motion for summary judgment a party must demonstrate that there is a *material* factual dispute drawing all *reasonable* inferences in the light most favorable to the non-movant. *See In re Wildman,* 859 F.2d 553, 556 (7th Cir.1988); *Davis v. City of Chicago,* 841 F.2d 186, 189 (7th Cir.1988). Moreover, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In determining whether a genuine issue of material fact is present a court must consider the relevant substantive law and the burdens of proof applicable under this law. *See Williams v. Williams Electronics,* 856 F.2d 920, 922 (7th Cir.1988).

■ The applicable law governing this case is found in the Eighth Amendment's Cruel and Unusual Punishment Clause. Under that clause prison officials' deliberate indifference to a prisoner's serious medical need can constitute cruel and unusual punishment. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Although the drafters of the Eighth Amendment were primarily concerned with proscribing torture and other barbarous methods of punishment, the Supreme Court has expanded the reach of the Eighth Amendment to parallel society's evolving standards of decency. *See Id.* at 102, 97 S.Ct. at 290. Denial of medical care that results in unnecessary suffering in prison is inconsistent with contemporary standards of decency and gives rise to a cause of action under 42 U.S.C. § 1983. *See Id.* at 103–05, 97 S.Ct. at 290–92. Actions without a penological justification may constitute an unnecessary infliction of pain. *See Jordan v. Farrier,* 788 F.2d 1347, 1348 (8th Cir.1986). However, the plaintiff must prove that the prison officials acted with deliberate indifference to his serious medical need. *See White v.*

*Farrier,* 849 F.2d 322, 325 (8th Cir.1988). Mere negligence or malpractice on the part of the defendants will not suffice. *See Murphy v. Lane,* 833 F.2d 106, 107 (7th Cir.1987). Courts have held that deliberate indifference can be shown by demonstrating either that the medical treatment was so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness, or by demonstrating that the medical care was so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care. *See Rogers v. Evans,* 792 F.2d 1052, 1058 (11th Cir.1986).

■ In this case the undisputed facts show that Dr. Alvarez prescribed 5 mg. of Valium a day for 27 days for Jones to alleviate stress, anxiety and headaches. The medication was discontinued on January 13, 1988, after To Nhan, a sergeant at the Kettle Moraine Correctional Institution, wrote a conduct report accusing the plaintiff of violating various sections of the Wisconsin Administrative Code. To Nhan alleges that after he had handed the plaintiff his Valium pill he suspected that the plaintiff had not swallowed it. He then conducted a patdown search and found the Valium hidden between the plaintiff's fingers. *See* Affidavit of To Nhan at ¶¶ 2–7 and Exhibit 102. Dr. Ricardo J. Alvarez, who at that time was employed as a prison physician at KMCI, had issued a standing order providing that:

Confirmed abuse of prescription medication by an inmate, i.e., palming, supplying to another inmate, etc., will result in that medication being discontinued. Further medical evaluation will be required if inmate requests.

Affidavit of Dr. Ricardo J. Alvarez at Exhibit 101. The standing order is undated and Jones contends the order may not be authentic. However, he has not supplied any evidence supporting this suspicion.

Jones asserts that withdrawing his medication caused him to experience withdrawal symptoms and made him "susceptible" to seizures and extreme emotional distress. The outpatient progress notes submitted by

the defendants reveal that on January 31, 1988, Jones told a nurse that he was probably going through withdrawal and that "my woman said if Valium is stopped quick you have seizures." Affidavit of Loujean L. Steenberg at Exhibit (Outpatient notes). However, there is no evidence in the record or contention from Jones that he actually experienced seizures or extreme emotional distress. Once the Valium was discontinued Jones did not see Dr. Alvarez again until February 3, 1988. However, the records show that Jones was treated daily in the prison outpatient clinic during the week following the discontinuance of his medication. The notes are silent as to whether Jones asked to see a doctor during this time. Jones contends that he did. But the notes only record that Jones made frequent requests for medication, including Valium, Percodan and codine to treat his backaches and headaches.

On February 3, 1988, the plaintiff again saw Dr. Alvarez and informed him that he had been cleared of prior charges involving the misuse of medication. *See* Response of Margaret Hau to Plaintiff's Fourth Set of Interrogatories at ¶ 9. Based on Jones' statement, Dr. Alvarez re-prescribed the Valium. *See Id.* After reading the prescription on the progress notes, Nurse Hau learned that the plaintiff had been found guilty of palming medication at a January 19, 1988 disciplinary hearing. When Nurse Hau reported this information to Dr. Alvarez, the doctor once again discontinued the plaintiff's Valium. Nurse Hau completed a conduct report charging the plaintiff with lying. *See* Motion to Amend Complaint to Conform to the Pleadings Pursuant to F.R. C.P. 15(b) at Exhibit 6. On February 26, 1988, the plaintiff refused to attend the disciplinary hearing regarding the charge and was found guilty by the Adjustment Committee. *See Id.* On the basis of these facts Jones is claiming that Nurse Hau violated his rights by exceeding her authority in filing a misconduct report to retaliate against Jones for commencing this lawsuit.

Resolving all disputed matters in favor of the nonmovant as the court must do when ruling on a motion for summary judgment, *see Bishop v. Wood,* 426 U.S. 341, 347 n. 11, 96 S.Ct. 2074, 2079 n. 11, 48 L.Ed.2d 684 (1976), the court finds that the plaintiff has failed to make a showing that the medical treatment he was afforded was so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. He has also failed to show that the medical care was so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care.

According to the *Physicians' Desk Reference,* Valium is a medication indicated for the management of anxiety disorders or for the short-term relief of the symptoms of anxiety or tension. It can also be used to treat acute alcohol withdrawal, muscle spasms, epilepsy and as a postoperative medication. *See Physicians' Desk Reference* at 1699 (1987 ed.). Withdrawal symptoms can occur when the drug has been used over an extended period of time. *See Id.* Dr. Alvarez has alleged that he prescribed Valium for Jones to alleviate stress and that he did not consider this stress to be a "life threatening" medical problem.[4] *See* Affidavit of Dr. Ricardo J. Alvarez at ¶ 11. In the doctor's opinion, Jones did not take Valium long enough to suffer withdrawal. *See Id.* at ¶ 10.

There is no evidence or contention in the record that Jones was taking Valium prior to December 28, 1987. Therefore, he had only been taking Valium for two weeks at the most when the medication was discontinued after a sergeant caught him trying to palm a tablet. Jones does not explicitly contend that he suffered seizures or any other physical symptom of withdrawal and there is no support in the medical records that he experienced unnecessary pain and suffering due to withdrawal. Moreover, although Jones did not see a doctor for almost a month after his Valium prescription was discontinued, he did receive frequent attention from nurses and other per-

---

**4.** *But see Meriwether v. Faulkner,* 821 F.2d 408, 413 (7th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987) (psychiatric or psychological condition may present a "serious" medical need under the *Estelle* formulation).

sonnel who gave him nonprescription pain medication.

On the basis of these facts the court concludes that no reasonable jury could find that any of the defendants were deliberately indifferent to Jones' medical needs. Therefore the Eighth Amendment claims against Nurse Ehlert, Dr. Alvarez, Nurse Hau and the Wisconsin Department of Health and Human Services will be dismissed.

The remaining claims against Nurse Hau will also be dismissed. Jones has presented no authority for his contention that Nurse Hau violated his constitutional rights when she read his progress notes or revealed his disciplinary status to Dr. Alvarez. Moreover, since Nurse Hau was not named as a defendant in the original complaint which Jones filed on February 1, 1988, so there is nothing which raises an inference that she was motivated by a desire to retaliate against Jones.

Because Jones has failed to present material factual allegations sufficient for a reasonable fact-finder to conclude that the defendants violated his civil rights, the defendants are entitled to a grant of summary judgment in their favor as a matter of law.

Accordingly, the court ORDERS that the Motion for Summary Judgment on Behalf of the Defendants (filed October 3, 1988 and renewed on December 14, 1988) IS GRANTED.

IT IS FURTHER ORDERED that this action IS DISMISSED on its merits.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 58, the Clerk of Court shall enter judgment as a separate document. The judgment shall provide that:

The plaintiff Ricky Jones takes nothing and that this action be dismissed on its merits.

Done and Ordered.