893 F.2d 1556
 Lenny DIXON a/k/a R. Moody, James Brown, Chuckie Brooks, Gus
Dawson, Richard Duff, Kenny Freeman, Robert Garza,
Roscoe Vaughn, Appellants,
v.
Dr. Robert FOX, Harold Clarke, Duane McKnight, Luciano
Medel, Herman Edwards, Appellees.
 No. 89-1237.
 United States Court of Appeals,
Eighth Circuit.
 Submitted July 18, 1989.
Decided Jan. 17, 1990.
 
 Lenny Dixon, pro se.
 Mark D. Starr, Lincoln, Neb., amicus curiae, for appellees.
 Before BOWMAN and WOLLMAN, Circuit Judges, and HEANEY, Senior Circuit Judge.
 WOLLMAN, Circuit Judge.
 
 
 1
 Eight Nebraska prisoners appeal from the district court's[1] order dismissing prior to service of process, for failure to state a claim, their amended complaint brought under 42 U.S.C. Sec. 1983 against various prison officials. Appellants alleged that their due process rights were violated when they were removed, without a hearing, from the prison "diet line" for thirty days on the basis of unsubstantiated incident reports that they had violated diet-line rules by missing a diet-line meal.
 
 
 2
 The district court, adopting the magistrate's report and recommendation, concluded that the Nebraska statute and prison regulations cited by appellants, to the effect that food restriction was not to be used as a disciplinary measure, did not create a liberty interest in remaining on the diet line. We agree. Although appellants alleged that they had been placed on the diet line for medical reasons, they did not allege any facts as to how their removal compromised any serious medical needs in violation of the eighth amendment.[2] We decline to address the assertion, raised for the first time on appeal, that as a result of removal from the diet line "many appellants became ill and [needed] medical treatment."
 
 
 3
 The order of dismissal is affirmed.
 
 
 4
 HEANEY, Senior Circuit Judge, dissenting.
 
 
 5
 I respectfully dissent. These prisoners' access to the prison diet line was cancelled without notice or a hearing because of unsubstantiated reports that they had missed a diet line meal. The prisoners claim a state-created protected liberty interest in remaining on the diet line.
 
 
 6
 The Supreme Court has held that states may create liberty interests protected by the due process clause through enactment of statutes or regulations affecting prison inmates. Wolff v. McDonnell, 418 U.S. 539, 556-57, 94 S.Ct. 2963, 2974-75, 41 L.Ed.2d 935 (1974). If such enactments use unmistakably mandatory language in connection with requiring specific substantive predicates, the state has created a protected liberty interest. Hewitt v. Helms, 459 U.S. 460, 471-72, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983). "[A] State creates a protected liberty interest by placing substantive limitations on official discretion." Olim v. Wakinekona, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983).
 
 
 7
 A Nebraska statute provides: "There shall be no corporal punishment or disciplinary restrictions on diet." Neb.Rev.Stat. Sec. 83-4,114 (1987). Additionally, a Nebraska state prison regulation states that "under no circumstances shall food be used as a reward or punishment." Neb. DCS Admin.Reg. 108.1(c).
 
 
 8
 Both the statute and the prison regulation satisfy the Supreme Court's standard for state-created protected liberty interests. Both use mandatory language and are absolute prohibitions on using diet restrictions as a disciplinary measure. Such prohibitions constitute substantive limitations on the discretion of prison officials.
 
 
 9
 The magistrate found that the statute and regulation create no protected liberty interest in remaining on the diet line, but place a limitation on the sanctions prison officials may impose for violation of disciplinary rules. The magistrate went on to find that the prisoners' removal from the diet line did not constitute discipline for misconduct, but rather was used "as a means of furthering the purposes underlying the diet line, that is, ensuring that inmates limit themselves to the foods offered there." The magistrate erred in concluding that the prisoners' removal from the diet line was not discipline for misconduct. The cancellation orders the prisoner received informing them of their thirty-day removal from the diet line stated that they were cancelled from the diet line "because of incident reports received in the medical dept. from the kitchen, stating that you ate off the regular line or in some way have gone against your ordered diet." Thus, the prisoners were being disciplined for the alleged misconduct of deviating from the diet line regimen.
 
 
 10
 The magistrate added that even if removal from the diet line were considered to be a disciplinary action, it did not constitute a "restriction on diet" within the meaning of the Nebraska statute. The magistrate based this conclusion on his interpretation of the statute's purpose; that is, to prevent "the use of deprivation of nutritionally adequate food as punishment." When statutory language is as clear and unambiguous as that in this statute, however, rules of statutory construction do not require a court to speculate about the statute's purpose to determine its meaning. The plain language of the Nebraska statute prohibits all disciplinary restrictions on diet, and establishes no exceptions for diet restrictions that substitute otherwise nutritionally adequate foods for those from which the inmates are restricted. Consequently, the magistrate erred in equating the statutory language "restriction on diet" with "nutritional deprivation."
 
 
 11
 Finally, dismissal of these prisoners' pro se complaint for failure to state a claim on which relief can be granted disregards the rule requiring liberal construction of pro se complaints. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). A court should not dismiss a pro se complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Holloway v. Lockhart, 792 F.2d 760, 761-62 (8th Cir.1986) (citations omitted). The prisoners have alleged that the state of Nebraska has created a protected liberty interest in access to the prison diet line. They further allege that they were cancelled from the diet line for disciplinary reasons without a hearing. The district court erred in dismissing the prisoners' complaint without affording them an opportunity to offer evidence supporting their allegations.
 
 
 
 [1]
 The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska
 
 
 [2]
 One plaintiff did allege in the complaint that removal from the diet line interfered with his medical needs. His claim was dismissed without prejudice for improper joinder, and he is not a party to this appeal