966 F.2d 1444
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kermit SMITH, Jr., Plaintiff-Appellant,
v.
Ken HARRIS; Bobby Watson, Defendants-Appellees.
 No. 91-6619.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 24, 1991
Decided: June 10, 1992
 
 Kermit Smith, Jr., Appellant Pro Se.
 Jacob Leonard Safron, Special Deputy Attorney General, Raleigh, North Carolina, for Appellees.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Kermit Smith, Jr. appeals from the district court's order denying relief under 42 U.S.C. § 1983 (1988). Smith claimed constitutional violations arising out of prison disciplinary proceedings instituted against him. Our review of the record and the district court's opinion discloses that this appeal is without merit with respect to all but one of Smith's claims. Accordingly, we affirm the district court's order on its reasoning with respect to Smith's claims that he was falsely charged with a disciplinary offense, that he was denied the right to call witnesses at his disciplinary hearing, and that the charges were improperly reviewed. However, we remand the cause to the district court for an evidentiary hearing with respect to the charge of bias on the part of defendant Ken Harris.
 
 
 2
 Smith's complaint alleged personal bias against him on the part of Harris, a member of the disciplinary hearing panel. He submitted a sworn statement by a second inmate alleging that Harris was racially biased against Smith and had said if it were up to him he would kill Smith himself. The district court found that due process was satisfied because Smith did not allege that Harris was the charging or investigating officer. See Meyers v. Alldredge, 492 F.2d 296, 306 (3d Cir. 1974).
 
 
 3
 While this standard may suffice to protect against charges of structural bias, it is insufficient to guard against personal bias. See In re Murchison, 349 U.S. 133, 136 (1955) (actual bias by an adjudicator violates due process). Personal bias on the part of prison disciplinary officials may require their disqualification, and trial courts should inquire into the facts underlying such claims to determine whether such bias exists. See Malek v. Camp, 822 F.2d 812, 816 (8th Cir. 1987); Redding v. Fairman, 717 F.2d 1105, 1113 (7th Cir. 1983), cert. denied, 465 U.S. 1025 (1984). Because personal bias was charged in this case, we remand the cause to the district court with instructions to hold an evidentiary hearing on the narrow issue of the alleged statements evincing personal bias by Harris. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART