5 F.3d 531
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Bruce E. CHRISTOPHER, Appellant,
v.
Phillip V. WADE, COI (F.C.C.); Edward, COI (F.C.C.); Ellis
Peoples, Capt. (F.C.C.); Lois A. Corley, Capt. (F.C.C.);
George E. White, Lt. (F.C.C.); Tom Vilmer, (F.C.C.); Denis
Dowd, (F.C.C.); Dan Henry, (F.C.C.); Steve Long, (Asst.
Dir. over Div. of Adult Inst.); Dick Moore, (Dir. of the Mo.
Dept. of Corr. & Human Resources); Gerald Bommel,
(J.C.C.C.); James Eberle, Major (J.C.C.C.); Cecil J.
Pettus, (J.C.C.C.); Henry A. Jackson, (J.C.C.C.); Charles
Anderson; William Armontrout, (J.C.C.C.); "each defendant
sued in his personal capacity," Appellees.
 No. 93-1404.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 7, 1993.
Filed: September 24, 1993.
 
 Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bruce E. Christopher, a Missouri inmate, appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri upon a grant of summary judgment in favor of defendant prison officials in this 42 U.S.C. Sec. 1983 action. For reversal, Christopher argues the district court erred in granting summary judgment because defendants violated his due process rights when they (1) did not allow his cellmate Searl Dunn to testify at his disciplinary hearing and (2) revoked his visitation rights for thirty days. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Christopher alleged defendants did not allow Dunn to testify at his disciplinary hearing even though Dunn witnessed the events which led to the charges against Christopher. The adjustment board found Christopher guilty of two counts of major assault and, among other disciplinary action, erroneously revoked his visiting rights for thirty days.
 
 
 3
 Defendants moved for summary judgment. Citing Brown v. Frey, 889 F.2d 159, 168 (8th Cir. 1989), cert. denied, 493 U.S. 1088 (1990), defendants argued they did not violate Christopher's rights when they did not allow Dunn to testify: they considered Dunn's written statement, and his testimony would have been repetitive. Defendants argued the board's decision was based on "some evidence," as required by Superintendent v. Hill, 472 U.S. 445, 455 (1985). Defendants also argued Christopher did not have a liberty interest in visiting privileges. After Christopher responded, the district court granted defendants summary judgment.
 
 
 4
 Due process guarantees inmates various rights in conjunction with disciplinary hearings. See Brown-El v. Delo, 969 F.2d 644, 647 (8th Cir. 1992). Included among these is an inmate's right to call witnesses in his or her defense. That right, however, is not unlimited. Prison officials have broad discretion to reject wit-nesses who present a security risk or undermine prison authority, or who offer irrelevant or unnecessary testimony. See Brown v. Frey, 889 F.2d 159 at 167. Further, although officials must explain their reason for refusing to call a witness, they may provide their explanation after the hearing. See Ponte v. Real, 471 U.S. 491, 496-97 (1985).
 
 
 5
 Here, the board did not allow Dunn to testify, but it was under no duty to do so, and defendants offered a reason for not calling him as a witness. The board did consider Dunn's written statement, and Christopher has not shown what, if any, additional testimony Dunn would have offered. We therefore agree that defendants did not violate Christopher's due process rights in disallowing Dunn's testimony. See id.; Brown v. Frey, 889 F.2d at 167-68; Malek v. Camp, 822 F.2d 812, 815 (8th Cir. 1987); cf. Graham v. Baughman, 772 F.2d 441, 445-46 (8th Cir. 1985) (recognizing probative value of corroborative evidence).
 
 
 6
 We also agree with the district court that defendants did not violate due process in erroneously revoking Christopher's visitation rights. The policy at issue does not constrain defendants' actions with respect to Christopher's visiting rights. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461-63 (1989).
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri