19 F.3d 1428
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rusty Alan BENNETT, Plaintiff-Appellant,
v.
John L. KING, II, Chief; Norman Adkins, Coi Correctional
Officer; Art Ashley, Sheriff; Ray Bell, Coi
Correctional Officer, Defendants-Appellees.
Rusty Alan BENNETT, Plaintiff-Appellant,
v.
John F. KING, Chief; Art Ashley, Defendants-Appellees.
 Nos. 92-7056, 93-6263.
 United States Court of Appeals, Fourth Circuit.
 Submitted: August 19, 1993.
Decided: March 10, 1994.
As Corrected May 24, 1994.
 
 Appeals from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CA-92-794-2, CA-92-950-2).
 Rusty Alan Bennett, Appellant Pro Se.
 Kenneth Eugene Knopf, Cleek, Pullin, Knopf & Fowler, Charleston, West Virginia, for Appellees.
 S.D.W.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Rusty Bennett, a prisoner in a local West Virginia jail, filed two complaints pursuant to 42 U.S.C. Sec. 1983 challenging the disciplinary proceedings instituted against him after he allegedly yelled profanities about Defendant King. In No. 92-7056, the first complaint filed, the district court dismissed the action pursuant to 28 U.S.C. Sec. 1915(d). In No. 93-6263, Bennett raised the claims presented in No. 92-7056, as well as other additional claims. In this second case, the district court granted Defendants' Fed.R.Civ.P. 12(b)(6) motion to dismiss. In light of the successive nature of the complaints we find the appeal in No. 92-7056 moot. In No. 93-6263 we affirm in part, vacate in part, and remand.
 
 
 2
 Our review is dictated by the nature of the order of the district court. Here, we review the grant of Defendants' Rule 12(b)(6) motion in a light most favorable to Bennett to determine whether it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proven consistent with the allegations. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989). The scope of our review is de novo. Id.
 
 
 3
 King was the hearing officer at Bennett's hearing for the institutional infraction. The district court found that the fact that King was the Defendant in another lawsuit filed by Bennett was insufficient to raise a genuine issue regarding his ability to act as a neutral decisionmaker. We find, however, that this fact, together with the fact that King was the subject of the profane comments Bennett allegedly made, require further consideration of this issue. See Malek v. Camp, 822 F.2d 812, 816 (8th Cir.1987). A prisoner is entitled to have disciplinary charges against him considered by an impartial tribunal. See Wolff v. McDonnell, 418 U.S. 539 (1974).[1] Under the circumstances of this case, we find that Bennett stated an arguable claim of personal bias, justifying further inquiry into the underlying facts.[2]
 
 
 4
 We also find that the district court erred by failing to consider Bennett's claims that state regulations have created a liberty interest in rights Bennett claims were violated by jail officials. Bennett's constitutional right to be timely released upon the expiration of his sentence for the institutional violation may have been violated if, as Bennett contends, state regulations have created such a right. See O'Bar v. Pinion, 953 F.2d 74, 84 (4th Cir.1991). Since the state regulations are not in the record, it is not possible to determine on appeal whether Bennett's arguments state a viable constitutional claim.[3]
 
 
 5
 Next, we find that the district court erred by not considering Bennett's claim that he was denied his right to call witnesses at his hearing on the ground that the issue was not timely raised because it was not mentioned until Bennett responded to the Defendants' motion to dismiss. The record discloses that Bennett also made this assertion in his Complaint. Since Bennett was entitled to call witnesses on his behalf, see Wolff, 418 U.S. at 566, and since this constitutional claim was timely raised, we find that this issue must be fully considered.
 
 
 6
 Our review of the record discloses that Bennett's remaining contentions are without merit. The district court properly found that Bennett's remaining itemization of various jail rules allegedly violated by jail officials failed to state a constitutional claim since Bennett alleged no resulting prejudice and no prejudice would inherently result from the alleged violations. The decisions of the district court are therefore affirmed in part, vacated in part, and remanded for further consideration consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 [1]
 Because Bennett was confined based on a misconduct violation, he was subjected to "disciplinary," rather than"administrative," segregation, and his level of protection under the Due Process Clause is therefore governed by Wolff, rather than, as the district court found, by Hewitt v. Helms, 459 U.S. 460 (1983). See Hewitt, 459 U.S. at 463, n. 1; Brown-El v. Delo, 969 F.2d 644, 647 (8th Cir.1992); Smith v. Shettle, 946 F.2d 1250, 1251 (7th Cir.1991)
 
 
 [2]
 We note that Bennett apparently received further review of his case from Sheriff Ashley. We think it appropriate for the district court to consider on remand what, if any, effect Sheriff Ashley's later review has on this claim
 
 
 [3]
 Defendants did not address these claims in their pleadings