Ronald Gene OUZTS, Appellant,

v.

Sgt. D. CUMMINS; E. Campbell, Co-I; Warden W.H. Sargent, Arkansas Dept. of Correction, Appellees.

No. 87–1128.

United States Court of Appeals, Eighth Circuit.

Submitted March 18, 1987.

Decided Aug. 13, 1987.

proper notice of appeal.

Before McMILLIAN, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

PER CURIAM.

Ronald Gene Ouzts appeals pro se and in forma pauperis from a final order entered in the District Court[1] for the Eastern District of Arkansas dismissing his 42 U.S.C. § 1983 claim for damages. We affirm.

Ouzts, a prisoner in the Department of Correction for the State of Arkansas, alleged that on May 30, 1986, correction officer Campbell struck him twice with a head slapper while he was handcuffed and restrained by correction officers Cummins and Baker. Ouzts further alleged that after the incident he submitted an emergency grievance to W.H. Sargent, the warden of Ouzts' prison unit, requesting an investigation, but that he received no answer from the warden regarding his grievance.

Ouzts filed this 42 U.S.C. § 1983 complaint against Sargent, Campbell and Cummins, claiming that his constitutional rights had been violated because of the beating by the correction officers and because Sargent had taken no action on his emergency grievance. The district court granted Sargent's Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim, reasoning that Ouzts had not alleged Sargent's knowledge of, or participation in, the alleged beating incident. Additionally, because Cummins and Campbell had not been served with process within 120 days after the filing of the complaint as required by Fed.R.Civ.P. 4(j),[2] the district court dismissed, without prejudice, Ouzts' complaint against them.

A pro se complaint is to be liberally construed and should not be dismissed unless the plaintiff can prove no set of facts to support the claim. *Holloway v. Lockhart*, 792 F.2d 760, 761–62 (8th Cir. 1986). We agree with the district court that, even when generously construed, Ouzts' complaint failed to state a claim against Sargent arising out of the alleged beating. Sargent's only connection to the incident appears to be that he is the warden of the prison. Respondeat superior is not applicable to § 1983 claims. *E.g., Cotton v. Hutto*, 577 F.2d 453, 455 (8th Cir.1978) (per curiam). Further, a warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. *Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir.1983) (per curiam).

A warden, however, might be liable if the warden had made policy decisions resulting in the alleged unconstitutional conditions. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir.1985). Thus, Ouzts could have stated a claim against Sargent if he had pled that there was a prison policy of, or deliberate indifference to, correction officers beating prisoners. *Cf. Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986) (negligence by prison officials does not trigger due process

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas.

2. After the alleged incident, Campbell and Cummins left the Department of Correction, and efforts made by Ouzts to locate these defendants for purposes of service were unsuccessful.

**1278**

clause of fourteenth amendment); *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir.) (§ 1983 complaint against warden for damages due to beating by guards insufficient because it failed to allege warden's authorization or knowledge of previous similar episodes), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). Ouzts' complaint about a single incident is insufficient to establish such a policy. *Cf. Harris v. City of Pagedale*, 821 F.2d 499, 507 (8th Cir.1987) (a long standing pattern of failure to act following notice of unconstitutional conduct will support inference of deliberate indifference).

■ Ouzts' claim that his procedural due process rights were violated by Sargent's failure to respond to the grievance is insufficient. Ouzts has not pled facts which would show that he had a protectible "liberty" or "property" interest in receiving an answer to his internal prison grievance.

■ Ouzts' final argument that the complaint against Cummins and Campbell should not have been dismissed must also fail. Fed.R.Civ.P. 4(j) requires that a complaint be dismissed, without prejudice, if service is not made upon a party within 120 days after the filing of the complaint and there has been no showing of good cause why such service was not made within this time period.

For the reasons discussed above, we hold that the district court properly dismissed the complaint against all the defendants. Accordingly, the order of the district court is affirmed. 8th Cir.R. 14.