960 F.2d 1054
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Sammy D. VINCENT, Appellant,
v.
William ARMONTROUT, Warden; Dr. Carbone; Dr. Robert
Drennen, Appellees.
 91-2604.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 8, 1992.
April 21, 1992.
 
 Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.
 PER CURIAM.
 
 
 1
 Sammy D. Vincent, a Missouri prisoner, appeals following a jury verdict in favor of defendant prison officials in his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 Vincent claimed defendants were deliberately indifferent to his serious medical needs while he was incarcerated at Missouri State Penitentiary (MSP). He alleged defendants knew in August 1988, that he needed back surgery and deliberately delayed his surgery until September 1989. Armontrout was the warden at MSP; Dr. Carbone was the chief administrative officer at the MSP hospital; and Dr. Drennen was a hospital administrator.
 
 
 3
 The district court appointed counsel for Vincent on July 24, 1990. On September 14, the court issued a scheduling order establishing February 11, 1991, as the discovery deadline. Vincent sent defendants interrogatories on December 7, and defendants answered on February 4. Dr. Carbone's answers identified Dr. Bowers as the person responsible for approving patient referrals for treatment outside the prison. On February 11, Vincent filed a motion for leave to file a second amended complaint adding Dr. Bowers as a defendant.
 
 
 4
 On February 21, defendants filed a motion for summary judgment and a motion to shorten Vincent's response time to seven days to allow the court time to rule on the summary judgment motion before trial. Defendant Armontrout also filed a separate motion for summary judgment and an affidavit stating he had no responsibility for Vincent's medical treatment because: (1) as warden at MSP, he held office within the Division of Adult Institutions (DAI) of the Department of Corrections (DOC) and the MSP hospital was under the supervision of the Division of Classification and Treatment (DCT), a separate and distinct division of the DOC; (2) the DAI was responsible for providing security at the MSP hospital, but was not involved in providing medical care; (3) he had no authority over medical personnel and referred medical complaints to appropriate personnel in DCT; and (4) he did not obstruct, hinder, or delay Vincent's medical care in any way. Also on February 21, Vincent filed a motion for leave to file a third amended complaint adding a pendent state negligence claim.
 
 
 5
 The court denied Vincent's motion for leave to file the second amended complaint on March 1. On March 4, the court accepted Vincent's third amended complaint, sustained defendant Armontrout's motion for summary judgment, and overruled the other defendants' motion for summary judgment. The trial was held March 4 and 6, and the jury returned a verdict in favor of defendants.
 
 
 6
 Vincent moved for a new trial and the court denied the motion. On appeal, Vincent argues the district court erred in denying his motion for leave to file the second amended complaint and in granting Armontrout's motion for summary judgment. He also argues the court abused its discretion in denying his motion for a new trial because the verdict was against the weight of the evidence.
 
 
 7
 Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires," but a trial court's decision whether to allow leave to amend is reviewed only for abuse of discretion. Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989). Although we might have ruled differently, we cannot say that the district court abused its discretion in denying leave to amend. Vincent's case had been pending for over twenty months, discovery had closed, and the trial date was less than a month away. Additionally, Vincent did not send the interrogatories until December 7, nearly three months after the court issued the February 11, 1991 discovery deadline.
 
 
 8
 Summary judgment in favor of Armontrout was appropriate because Armontrout's affidavit established that he was not directly involved in Vincent's medical treatment and did not supervise persons involved in his treatment. See Ouzts v. Cummins, 825 F.2d 1276, 1277-78 (8th Cir. 1987) (per curiam) (warden not liable absent personal involvement or deliberate indifference to pattern of unconstitutional treatment by persons he supervises). Vincent did not dispute these facts. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (summary judgment appropriate if no material fact is disputed and moving party is entitled to judgment as a matter of law).
 
 
 9
 The district court did not abuse its discretion in denying Vincent's motion for a new trial. See United States v. McMahan, 744 F.2d 647, 652 (8th Cir. 1984) (refusal to grant new trial is within sound discretion of trial court). After reviewing the trial transcripts, we conclude a reasonable jury could have concluded that the evidence shows that Vincent received attention and treatment each time he complained of back pain and that the delays in obtaining diagnostic evaluations and surgery outside the prison hospital were due to circumstances beyond defendants' control.
 
 
 10
 Accordingly, we affirm.