**Carl GROSS, Plaintiff,**

**v.**

**Barbara BUESCHER, et al., Defendants.**

**No. 91–0655C(5).**

United States District Court,
E.D. Missouri, E.D.

May 29, 1992.

Carl Gross, pro se.

Brainerd LaTourette, III, St. Louis, Mo., for defendants.

MEMORANDUM

LIMBAUGH, District Judge.

Pro se prisoner plaintiff filed a § 1983 action alleging violation of his Eighth Amendment rights with regard to the medical care he has received while incarcerated in the Missouri Eastern Correctional Center. Plaintiff alleges that his medical needs are not being adequately attended to because of insufficient fiscal budgets. This matter is before the Court on the defendants' motion for summary judgment.

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Coop. Inc.*, 838 F.2d 268, 273 (8th Cir.1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to an examination of the facts.

Plaintiff is confined as an inmate at the Missouri Eastern Correctional Center (MECC). In October 1989 plaintiff pled guilty to a sodomy charge and is presently serving a six-year sentence. Plaintiff refuses to participate in the Missouri Sexual Offenders Program (MOSOP) while incarcerated at MECC. Plaintiff is eligible for parole in May, 1993.

Since the inception of plaintiff's incarceration, he has received medical care for a variety of ailments including emphysema, high blood pressure, arthritis, an umbilical hernia, some type of wound, and spina bifida. Besides these ailments, plaintiff is blind in his left eye, suffers some degree of hearing loss in one ear, and has had two or three heart attacks (prior to his incarceration). He has been continually prescribed various medications for his high blood pressure and arthritis, given different inhalers to assist his breathing, been allowed to permanently occupy the lower bunk and have an extra mattress, been prescribed and allowed to carry on his person a bottle of nitroglycerin, and had surgery for his hernia. Defendants' Exhibits B through D and Exhibit F.

Plaintiff's medical needs are attended to on virtually a weekly basis. However, plaintiff has continuously complained to prison authorities about his medical care. Despite being advised that medical and prison personnel would not discuss his medical care with anyone other than plaintiff, plaintiff persists in having his cellmate obtain plaintiff's medicine, debate plain-

tiff's medical care with the prison medical staff, and write prison authorities hostile letters regarding plaintiff's medical care. Defendants' Exhibit H. Several times, prison officials and medical staff have responded to plaintiff's accusations and have attempted to explain to plaintiff the reasons for his treatment and changes in medication. Defendants' Exhibit H.

In February 1991, plaintiff requested a medical parole. His medical chart was reviewed by the Chief of Professional Services. On March 18, 1991 plaintiff was informed by R. Dale Riley, Director of the Division of Classification and Treatment that his medical parole was denied because it was determined that his medical needs could be "adequately managed with Department of Corrections resources." Plaintiff was determined to be ineligible for a medical parole. Defendants' Exhibit E. Pursuant to Missouri Department of Corrections Policy No. D5–8 ("Release of Inmates"), effective date: 8–14–89, an inmate may be granted a medical release by the parole board to receive medical treatment not available in the department or because the inmate is terminally ill. Defendants' Exhibit A.

The basis of plaintiff's complaint is twofold. Firstly, he complains that the named defendants have provided an inadequate budget for his medical care. He avers that defendant Barbara Buescher, health care supervisor at MECC, has failed to submit an adequate budget to constitutionally operate the medical facility at MECC. He avers that defendant Dale Riley has committed the same constitutional violation as defendant Buescher, plus defendant Riley has failed to hire and keep a doctor at MECC and hire and keep a nurse twenty-four (24) hours a day at MECC. As for defendant Governor John Ashcroft, plaintiff claims that defendant Ashcroft has failed to appropriate an adequate budget to constitutionally run and operate the MECC, especially in cutting the medical funding to the medical facility at MECC. Secondly, plaintiff claims that the parole board is using false information as to his criminal record in order to deny him an early parole.

Plaintiff has responded to the defendants' summary judgment motion. In his response, plaintiff makes broad allegations as to the inability to receive medical care directly from a doctor, and the inadequate medical care received from the nurses (i.e. medication changed by nurses to medication to which plaintiff claims he has an allergy). He then cites two class action suits regarding medical care in the Missouri prison system that he purports to be involved in as a party. Finally, he appends a copy of a newspaper article regarding the training of nurses in the prison system. Plaintiff contends that this "evidence" supports his claims.

The Court has reviewed the parties' pleadings and supporting materials and finds that summary judgment for the defendants is proper for several reasons.

■ To succeed on a claim for inadequate medical treatment under 42 U.S.C. § 1983, plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir.1990); *Taylor v. Turner,* 884 F.2d 1088, 1089–90 (8th Cir.1989). Furthermore, in order to establish an Eighth Amendment violation, the deliberate indifference to a serious medical need must rise to the level of an unnecessary and wanton infliction of pain. *Jordan v. Farrier,* 788 F.2d 1347, 1348 (8th Cir.1986); *Robinson v. Moreland,* 655 F.2d 887, 889 (8th Cir.1981). Plaintiff contends that the defendants have demonstrated deliberate indifference to his serious medical needs by virtue of an inadequate budget. Plaintiff's argument is totally meritless.

None of the named defendants had any direct contact with plaintiff regarding his medical care. None of these defendants treated plaintiff or had any input as to the medical care plaintiff received. Plaintiff has provided absolutely no tangible evidence that monetary concerns impacted negatively upon plaintiff's medical care. He has in fact received continuous medical care and special treatment for his ailments. He has been attended to by both doctors

and nurses. He has never been put into a life-threatening situation because he could not receive medical care when necessary. His criticisms are based upon self-diagnosis (as well as medical diagnosis and intervention by his cellmate) and a mulish refusal to accept the medical staff's explanations and decisions concerning changes in his medication. There is absolutely nothing in plaintiff's medical records to indicate that he has had a serious allergic reaction to any medication or that his health and life are in danger due to alleged inadequate medical care.

Plaintiff attempts to impose liability on these defendants due to their supervisory and administrative positions. An action based upon the doctrine of *respondeat superior* cannot be maintained under § 1983. *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir.1990); *Ouzts v. Cummins*, 825 F.2d 1276 (8th Cir.1987). It is clear that plaintiff merely disagrees with the course of his treatments. A mere disagreement with a course of treatment fails to state a deliberate indifference claim. *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir.1990); *Lair v. Oglesby*, 859 F.2d 605, 606 (8th Cir.1988) (per curiam).

 As for his claims regarding denial of early parole or a medical parole, once again plaintiff fails to make a cognizable claim under § 1983. None of these named defendants were involved in assessing plaintiff's eligibility for a medical release or assessing plaintiff's criminal record with regards to an early parole. As stated before, *respondeat superior* is not a proper basis for liability under § 1983. *Givens v. Jones, supra, Ouzts v. Cummins, supra.*

There is no need to address the issue of whether plaintiff's sentence included "shock treatment" (which he has never received) because plaintiff is not making any type of claim regarding this matter.

Plaintiff has failed to set forth any specific affirmative evidence to show that a genuine dispute on any of the issues raised exists. *City of Mt. Pleasant v. Associated Electric Coop.*, 838 F.2d 268, 274 (8th Cir. 1988). Consequently, defendants are entitled to judgment as a matter of law.

## ORDER

In accordance with the memorandum filed herein this day,

IT IS HEREBY ORDERED that defendants' motion for summary judgment be and is GRANTED. Judgment is entered for defendants and against plaintiff on the merits of plaintiff's complaint.

IT IS FURTHER ORDERED that plaintiff's request for appointment of counsel be and is DENIED as moot.

IT IS FINALLY ORDERED that this cause of action is hereby DISMISSED and removed from the trial docket of June 22, 1992.