989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Earnest Lee LANGSTON, Appellant,
v.
Donald L. SMITH; Cindy Stueber; Sherry Jenkins; K. Farley, Appellees.
 No. 92-3528.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 5, 1993.
Filed: March 22, 1993.
 
 Before BOWMAN, MAGILL, MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Earnest Lee Langston, a Missouri inmate, appeals from the district court's[1] dismissal of his 42 U.S.C. § 1983 complaint. We affirm.
 
 
 2
 In his complaint, Langston alleged that Karen Farley, a correctional officer at the Fulton Diagnostic Center, started an uproar in the prison dining room and then, in collusion with
 
 
 3
 Sergeant Sherry Jenkins, filed a false conduct violation against him. Langston alleged that caseworker Cynthia Stueber then sentenced him to ten days in detention for creating a disturbance, even though she had released white inmates charged with the same violation after only one day in detention. Langston stated that he was suing Superintendent Donald E. Smith for failing to properly supervise and train his officers, and he was suing the other three defendants for "inmate abuse, harassment, and collusion." He requested damages.
 
 
 4
 Langston attached a conduct violation report, which stated that he violated Rule 19 (creating a disturbance) in the dining room when he shouted at Farley and threw his identification card on the floor after she asked to see it. According to the report, Langston had to be escorted out of the dining room by another officer, and the classification team found that Langston admitted throwing his identification card on the floor because Farley had made him mad. Defendants moved to dismiss for failure to state a claim.
 
 
 5
 The Magistrate Judge recommended granting defendants' motion because Langston's allegation that Farley lied about the facts underlying his conduct violation did not state a claim for relief. The Magistrate Judge noted that Langston admitted he was involved in the incident which gave rise to the disturbance. Langston did not object, and the district court granted defendants' motion. Langston raises several new claims for the first time on appeal.
 
 
 6
 The district court correctly dismissed Langston's complaint. Defendants did not violate his due process rights because their disciplinary decision was supported by some evidence. See Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); Rudd v. Sargent, 866 F.2d 260, 262 (8th Cir. 1989) (per curiam). The conduct violation report indicated that Langston corroborated Farley's allegation that he threw his identification card down when she told him to give it to her. Langston's allegation that Smith failed to properly supervise his officers did not state a claim because Smith could not be held liable under section 1983 on a theory of respondeat superior. See Ouzts v. Cummins, 825 F.2d 1276, 1277-78 (8th Cir. 1987) (per curiam). We do not address Langston's claims raised for the first time on appeal as he has not shown that a manifest injustice will otherwise result. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri