994 F.2d 843
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Larry T. THOMAS, Appellant,
v.
Bill ARMONTROUT, Warden; Paul Delo, Superintendent; Don
Roper, A Superintendent; Catherine Stewart,
Health Care Supervisor; THB Cayabyab,
Doctor; COI Youngman; COI
Beach; COI King, Appellees.
 No. 92-3597.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 1, 1993.
Filed: June 8, 1993.
 
 Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Larry T. Thomas, a Missouri inmate, brought this 42 U.S.C. § 1983 action alleging several prison officials, three correctional officers, and a prison physician were deliberately indifferent to Thomas's serious medical needs during and after a callus excision treatment on his foot. The district court dismissed correctional officers Beach and King, and granted summary judgment in favor of the other correctional officer and the prison officials. Following a trial, the district court granted judgment to the physician as a matter of law. Thomas appeals and we affirm.
 
 
 2
 Having carefully reviewed the record, we conclude the district court properly disposed of Thomas's case. Thomas's amended complaint did not contain any allegations against Beach or King or show that Thomas was entitled to relief from them. See Fed. R. Civ. P. 8(a). Thomas did not dispute that the other correctional officer and the prison officials were neither directly involved in his medical treatment nor denied Thomas medically prescribed ambulatory aids. See Fed. R. Civ. P. 56(c), (e). Thomas cannot pursue a § 1983 claim against the prison officials based on respondeat superior. See Ouzts v. Cummins, 825 F.2d 1276, 1277-78 (8th Cir. 1987) (per curiam). Thomas's deposition testimony, the medical records, and the evidence at trial established as a matter of law that the physician was not deliberately indifferent to Thomas's serious medical needs either during or after the treatment. Finally, we reject Thomas's contention that his appointed counsel was ineffective. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988) (there is no constitutional or statutory right to effective assistance of counsel in a civil case).
 
 
 3
 Accordingly, we affirm.