29 F.3d 628
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Casey MOSBY, Appellant,
v.
Don SMITH, Superintendent, Fulton Reception & Diagnostic
Center, Appellee.
 No. 93-3845.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 21, 1994.
Filed: July 27, 1994.
 
 Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Casey Mosby, a Missouri inmate, appeals from the final order entered in the District Court[1] for the Western District of Missouri, granting summary judgment for defendant Don Smith, Superintendent of Fulton Reception & Diagnostic Center (FRDC), on his 42 U.S.C. Sec. 1983 action. Mosby v. Smith, No. 92-4270-CV-C-5 (W.D. Mo. Sept. 21, 1993) (order). For the reasons discussed below, we affirm.
 
 
 2
 Mosby filed a complaint in district court alleging that, while he was an inmate at FRDC, prison officials failed to regularly provide a clean uniform due to his large size, and he was forced to wear ill-fitting, unsanitary clothing for two to three weeks at a time. He alleged that wearing the dirty uniforms caused skin sores all over his body, which the medical department ignored despite his requests for treatment. The district court granted summary judgment for Smith on the ground that Smith could not be sued on the basis of respondeat superior.
 
 
 3
 On appeal, Mosby argues that the district court incorrectly granted summary judgment in favor of Smith. He argues that he did not sue Smith on a theory of respondeat superior, but as the "implementer of the laws in question." He also requests appellate counsel.
 
 
 4
 We hold that the district court correctly granted summary judgment for Smith. We review a grant of summary judgment de novo and examine the record in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). The district court properly held that liability under section 1983 cannot be founded on respondeat superior. Hall v. Lombardi, 996 F.2d 954, 961 (8th Cir. 1993), cert. denied, 114 S. Ct. 698 (1994). We note that Smith's general responsibility to supervise prison operations is insufficient to establish his personal involvement in Mosby's inability to obtain adequate clothing. See Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987) (per curiam). In addition, Mosby did not offer sufficient supporting evidence that Smith "[knew] of and disregard[ed] an excessive risk to inmate health or safety." Clark v. Armontrout, No. 93-1170, 1994 WL 284415, at * 2 (8th Cir. June 29, 1994) (per curiam) (citing Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994)); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986) (to avoid summary judgment for defendant, plaintiff needs significant probative evidence to support complaint; evidence must be sufficient for jury to return verdict for plaintiff). The record shows that Mosby did not file a grievance complaining about uniforms until February 27, 1991, one week before he was transferred to another prison, and Mosby did not show that Smith would or should have reviewed requests for medical attention Mosby claimed to have filed. Cf. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (personal knowledge possible through review of relevant grievances).
 
 
 5
 Mosby's request for appellate counsel is denied. Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri