**In re Stephen Allen KAMP
and Stephanie Louise
Kamp, Debtors.**

**Harold KAMRATH, Plaintiff,**

v.

**Stephen Allen KAMP and Stephanie
Louise Kamp, Defendants.**

**Bankruptcy No. 96–31639.
Adv. No. 96–3196.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

April 4, 1997.

Harold Kamrath, Albert Lea, MN, pro se.

Robert M. Maus, Austin, MN, for Defendant.

## MEMORANDUM TO ORDER OF MARCH 31, 1997

GREGORY F. KISHEL, Bankruptcy Judge.

This is an adversary proceeding for determination of dischargeability of debt. On March 31, 1997, the Court ordered judgment in favor of the Defendants, on the ground that the Plaintiff's complaint was time-barred under FED.R.BANKR.P. 4007(c). This memorandum, entered pursuant to FED.R.BANKR.P. 7052, contains the findings of fact and conclusions of law on which that order was based.

### FINDINGS OF FACT

1. The Defendants filed a voluntary petition for relief under Chapter 7 on March 27, 1996.

2. On March 29, 1996, the clerk of this Court issued a document for this case, entitled "Notice of Commencement of Case under Chapter 7 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates" and on a standard form. The notice set the date and time of a meeting of creditors at April 26, 1996, at 11:00 a.m. It then included the following provision:

> Discharge of Debts: Deadline to File a Complaint to Determine Dischargeability of Certain Types of Debts: 06/25/96

Finally, the notice later provided:

> If a creditor believes that ... a debt owed to the creditor is not dischargeable under Sec. 523(a)(2), (4), (6), or (15) of the Bankruptcy Code, timely action must be taken on the Bankruptcy Court by the deadlines set forth above labeled "Discharge of Debts." Creditors considering taking such action may wish to seek legal advice.

3. On June 26, 1996, this Court entered an order granting the Defendants a discharge under Chapter 7.

4. On June 27, 1996, the clerk of this Court received a letter written by the Plaintiff, dated June 19, 1996, signed in the original and addressed to Charles W. Ries, the trustee of the Defendants' bankruptcy estate. The salutation of this letter reads "Dear Mr. Ries: or other," with "Dear Mr. Ries" type-

written and "or other" in handwriting. The first paragraph of this letter reads as follows:

> I believe Mr. Kamp should not have a discharge of my debt because he defrauded me of $11,106.83 plus interest. I intend to pursue legal action in criminal court to prove fraud. I am working with the Freeborn County County Attorney, Craig Nelson, to bring charges of fraud.

The court file contains nothing to indicate the identity of the person who caused this letter to be received by the clerk. Neither the face nor the back of document contain receipt-stamping or other marking to indicate if it was received by Ries, or when.

5. After a deputy clerk presented this letter to the undersigned, an order was entered on July 3, 1996, on a standard form used for such informal communications from creditors. In pertinent part, that order provides:

> Mr. Kamrath apparently take(s) the position that a pre-petition debt owing by the Debtor(s) to him should survive a grant of discharge in bankruptcy. Such a result can only come about by a decision of the Court, and can be obtained only through a formal complaint in adversary proceedings. FED.R.BANKR.P. 7001(6). This letter may not be sufficient as a pleading to commence such a proceeding, for several reasons ...
>
> .    .    .    .    .
>
> The clerk of this Court has a statutory duty to accept papers submitted for filing in bankruptcy cases. However, the Court has no absolute duty to entertain requests for adjudication when such requests are made without a colorable effort to comply with the rules of procedure that are applied to all proceedings and litigants in this Court.

IT IS THEREFORE ORDERED that the writing described in this order shall not be treated at present as a complaint in commencement of adversary proceedings for determination of dischargeability, or as a motion or application in commencement of any judicial proceedings in BKY 96–31639, insofar as the issuance of a summons or the setting of a hearing or a scheduling

conference are concerned. If Harold Kamrath intend(s) to commence such proceedings, he shall do so by filing an appropriate complaint or pleading, in compliance with the Federal and Local Rules of Bankruptcy Procedure, and by paying the appropriate filing fee. The issue of the timeliness of such a complaint will be reserved for decision in an appropriate proceeding.

6. On July 11, 1996, the Plaintiff, *pro se*, filed the complaint upon which this adversary proceeding was opened. In it, he states:

> I believe that Stephen Allen Kamp should not be discharged of his debt of $11,106.83 plus interest because he defrauded me. Clause (2) 11 U.S.C. Sec. 523(a).

The Plaintiff goes on to make six numbered allegations of fact, and then alleges:

> Stephen Kamp took my $11,106.83 and did not perform any work as agreed on the contract. He made excuses for why the project was delayed until finally in October of 1995 he told me he did not have my money and was not going to do the job. He had used the money for other projects. I believe Stephen Kamp's intention from the beginning was to take my money to pay his other debts when it should have been put in an account for my project only.
>
> I believe for the above reasons which show fraud Stephen Kamp should not be discharged of his debt.

7. The file does not contain proof of service for this complaint. Counsel for the De-

1. The former rule provides that a request for dismissal for "failure to state a claim upon which relief can be granted" may be brought by answer or via motion, at the option of the party asserting the defense.

2. In pertinent part, the former rule provides:

   If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [Fed.R.Civ.P.] 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by [Fed.R.Civ.P.] 56.

3. The latter rule makes Fed.R.Civ.P. 56 applicable to adversary proceedings in bankruptcy. In pertinent part, Fed.R.Civ.P. 56(c) provides that, upon a motion for summary judgment,

fendants timely filed an answer on August 6, 1996.

## DISCUSSION

### I. Nature of Motion at Bar

The Court's order and judgment were entered on motion of the Defendants. They had styled their motion as one for dismissal under Fed.R.Civ.P. 12(b)(6), *as incorporated by* Fed.R.Bankr.P. 7012(b).[1] In his brief, however, their counsel referred to various attached exhibits, and to events other than those pleaded within the four corners of the Plaintiff's complaint. The motion, then, must be treated as one for summary judgment. Fed.R.Civ.P. 12(c), *as incorporated by* Fed.R.Bankr.P. 7012(b).[2] On the record made for it, there is no genuine issue of material fact as to a dispositive issue raised by the Defendants' answer as an affirmative defense. That issue being purely one of law, it is amenable to summary adjudication. Fed.R.Civ.P. 56(c), *as incorporated by* Fed.R.Bankr.P. 7056.[3]

### II. Merits

The defense at issue under the Defendants' motion is that this adversary proceeding is time-barred by operation of Fed.R.Bankr.P. 4007(c).[4] This rule sets up something in the nature of a statute of limitations, and one that is key to the goals of the system of bankruptcy adjudication. *In re Harrison*, 71 B.R. 457, 459 (Bankr.D.Minn.1987).

[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits [submitted in support of the motion], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

4. In pertinent part, this rule provides:

A complaint to determine the dischargeability of any debt pursuant to [11 U.S.C.] § 523(c) . . . shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to [11 U.S.C.] § 341(a). . . . On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Were the only relevant documents those physically lodged and originally filed in this adversary proceeding, the discussion would not be long. The document that prompted the opening of the court file for this adversary proceeding—the "Complaint of Harold Kamrath for Determination of Dischargeability of Debt" that the clerk received on July 11, 1996—was presented for filing long after the deadline fixed by the clerk's notice of commencement of case—June 25, 1996.[5]

The Eighth Circuit Court of Appeals, however, has cautioned trial courts to exercise some degree of lenity in construing pleadings and other papers submitted by *pro se* litigants. *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir.1987); *Holloway v. Lockhart*, 792 F.2d 760, 761–762 (8th Cir.1986); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.1984). These rulings suggest that the Plaintiff's initial communication to the Trustee "and others" might be equated with a complaint for determination of dischargeability of debt for the purposes of the deadline of FED. R.BANKR.P. 4007(c)—even though the letter was not addressed to a judge, was not properly style or presented as a complaint in adversary proceedings, and was not treated as such by the clerk and the court in the administration of their caseload.[6]

The timeliness of the earlier communication, however, is also at issue.[7] As noted earlier, the clerk of this Court received it one day after the deadline for timely filing dischargeability complaints.[8]

To remedy this defect, the Plaintiff invokes the savings provision of FED.R.BANKR.P. 5005(c).[9] The Plaintiff states in his memorandum that Trustee Ries received his first letter on or before June 26, 1996. He then maintains that this communication should "in the interests of justice" be deemed to have been submitted to the clerk as of that date— thereby making it "timely filed."

■ The rule does operate in the general fashion urged by the Plaintiff:

> . . . the Rule requires an "inten[t]" to file a paper, and an "erroneous[ ] deliver[y]" to an official. . . . [T]he Rule . . . requires that the creditor intend that the paper will become a part of the bankruptcy court proceedings and receive some official action. A creditor who sends a paper to a court-appointed trustee or other official, under circumstances that the sender can

---

**5.** The clerk's statement of the deadline comported with the governing rule; June 25, 1996 was exactly 60 days after April 26, 1996.

**6.** Whether it *should* be so equated is another issue, and one that the parties have not treated with any precision in their arguments. As it turns out, however, one can assume for the sake of analysis that it does. In creating and using the form for the July 3, 1996 order, the undersigned was promptly by a wish to identify and preserve just this issue. The order is a simple announcement that informal statements of complaint about a debtor's past conduct will not be given judicial attention until the complainant complies with the form and service requirements of the Bankruptcy Code and Rules. It is an attempt at quality control in *pro se* litigation. Not coincidentally, it is also designed to head off future inquiries and protests over the status of such communications. Were informal statements of complaint about a debtor's right to discharge merely pinned into the file, or formally docketed, without any action by clerk or court, their authors would be left in the dark about their status—and, with some justification, would become impatient when they received no response at all.

**7.** The Defendants' counsel's major response to the first communication was that it did not state

"the circumstances constituting fraud . . . with particularity," as required by FED.R.CIV.P. 9(b), *as incorporated by* FED R.BANKR.P. 7009. It is not clear whether he was conceding to the Plaintiff on the timeliness of the first communication, or merely making this argument to defeat the first communication as an alternative theory. In either case, the sufficiency of the Plaintiff's "pleading" is a moot issue.

**8.** The back of the letter bears a machine-produced receipt-stamp. This is routinely applied by the clerk's staff to all papers received by mail and to those physically delivered to the front desk.

**9.** In pertinent part, this rule provides:

A paper intended to be filed with the clerk but erroneously delivered to the United States trustee, the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, or the clerk of the district court shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court. . . . In the interest of justice, the court may order that a paper erroneously delivered shall be deemed filed with the clerk . . . as of the date of its original delivery.

be said to be acted with an expectation that it receive an official response, has done so with an intent that the paper is being "filed." The sender is in error, however, because the paper should have been "filed" with the bankruptcy court. The sender has thus "intended ... [file] but erroneously delivered [the paper] to the trustee." ... In the "interests of justice," a bankruptcy court may then "deem" that the paper had been filed on time.

*In re Anderson–Walker Indust., Inc.,* 798 F.2d 1285, 1288 (9th Cir.1986) (applying nearly-identical language of former Bankr.R. 509(c)). As established by its very last clause, however, the rule only permits the court to attribute the "filing" of a paper "as of the date of its original [erroneous] delivery." Further, the power to make this attribution is discretionary. *In re Rainbow Trust,* 179 B.R. 51, 54 (Bankr.D.Vt.1995).

Fed.R.Bankr.P. 5005(c) sets up a defense to a motion for dismissal brought on time-barring grounds under Fed.R.Bankr.P. 4007(c). A plaintiff makes out the defense only upon proof that it made its misdelivery on or before the deadline. This crucial element is established where the recipient of a misdelivery has noted that event on the face of the subject paper, as required by the rule, and has done so with enough specificity to indicate the identity of the recipient and the date of its receipt.[10] Where the recipient has not, it is still open to a plaintiff to prove up the receipt by other means. This could be an affidavit by the recipient of the misdelivery, or its employee or agent, acknowledging the date of the misdelivery and its circumstances; a return receipt attesting to mail delivery; or, if the misdelivery was effected by in-hand means, the affidavit of the person who made it. In the absence of the contemporaneous endorsement mandated by the rule, however, it is incumbent on a plaintiff to

produce this sort of proof to gain the protection of the rule.

■ With their motion, the Defendants established that the Plaintiff did not file the complaint that opened this adversary proceeding until several weeks after his deadline for doing so. They also showed that the letter could be deemed to have raised the issue earlier was not received by the Court by that deadline. The extant evidence all tended to show that the Plaintiff's request for determination of dischargeability was time-barred. The Defendants, then, met their initial burden under Rule 56. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–2554, 91 L.Ed.2d 265 (1986); *City of Mt. Pleasant v. Assoc. Elect. Co-op, Inc.,* 838 F.2d 268, 273–274 (8th Cir.1988). This shifted the burden of production over to the Plaintiff; he could avoid a dismissal of his complaint only by producing evidence to make out the safe haven of Fed.R.Bankr.P. 5005(c). *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250–252, 106 S.Ct. 2505, 2511–2512, 91 L.Ed.2d 202 (1986); *Firemen's Fund Ins. Co. v. Thien,* 8 F.3d 1307, 1310 (8th Cir.1983); *Heideman v. PFL, Inc.,* 904 F.2d 1262, 1265 (8th Cir.1990).

The Plaintiff failed to carry this burden; the record contains no evidence under oath that goes to the question of when Ries received the letter dated June 19, 1996, let alone evidence that is "significant" and "probative," *Johnson v. Enron Corp.,* 906 F.2d 1234, 1237 (8th Cir.1990), or "substantial," *Krause v. Perryman,* 827 F.2d 346, 350 (8th Cir.1987). All of the evidence supports a finding in favor of the Defendants on the issue of timeliness of the Plaintiff's complaints, informal and formal: the issue of dischargeability was not preserved by timely, formal action by the Plaintiff; the debt was discharged before the issue was raised in this Court in any way; and the Plaintiff has no right to carry this litigation forward.[11]

---

**10.** Clearly, the directive of notation and transmission set forth in the first sentence of the rule is designed to further protect the beneficiary of the rule's relation-back effect.

**11.** As the issues presented themselves, the Plaintiff lost for want of a simple affidavit by Ries or someone on his staff. At first glance this result seems regrettable, given the Plaintiff's status as a

layperson unversed in the technical requirements of court rules. However, the Supreme Court has held that procedural rules in ordinary civil litigation should not be bent to excuse mistakes by those who proceed without counsel. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993). This principle is applied because

For that reason, the Defendants were entitled to a judgment that their debt to the Plaintiff had not been excepted from their discharge in bankruptcy, and they received that judgment.

... experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law. *Id.* (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980)). *See also Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856–857 (8th Cir. 1996); *Farnsworth v. City of Kansas City*, 863 F.2d 33, 34 (8th Cir.1988); *Burgs v. Sissel*, 745 F.2d at 528 (all holding that *pro se* status does not excuse litigants from complying with rules of procedure and court orders).